UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

EMANUEL Z. KOPSTEIN,   No. 99-11520

                Debtor(s).
_____/

DAVID N. CHANDLER, p.c.,

                Plaintiff(s),

      v.   A.P. No. 05-1068

EMANUEL Z. KOPSTEIN, et al.,

                Defendant(s).
_____/

Memorandum on Cross-Motions for Summary Judgment
_____

       The salient facts in this adversary proceeding are simple and not subject to material dispute. Both sides have filed motions for summary judgment which allow the court to fully adjudicate the bankruptcy issues in the case. The remaining non-bankruptcy issues can thereafter be remanded to state court.

       David Chandler is a bankruptcy lawyer. He had done extensive bankruptcy-related work for debtor and defendant Emanuel Kopstein in the early 1990's, and represented Kopstein when Kopstein

1

filed his own Chapter 7 case in 1999. As a result of that bankruptcy, Kopstein's obligation to Chandler on account of the earlier work, in the amount of $25,605.10, was discharged.

After Kopstein's discharge, his wife formed a business known as Asset Protection Recoveries, LLC ("APR"), which is also a defendant in this adversary proceeding. In form, Kopstein has no legal interest in APR although he signs agreements on its behalf as its "agent" from "time to time."

This dispute involves Chandler's fees representing APR in a Nevada bankruptcy case well after Kopstein's discharge. In a written fee agreement executed by Chandler on behalf of his professional corporation and Kopstein on behalf of APR, it was agreed that APR would pay an hourly fee and, in addition, pay Chandler $25,605.00. Kopstein then personally guaranteed the payments to Chandler.

Chandler succeeded in recovering a substantial amount for APR in the Nevada bankruptcy case, but a dispute arose between them as to Chandler's fees. The dispute was submitted to non-binding arbitration, resulting in a decision that APR is liable to Chandler for $93,773.00 in hourly fees but not the $25,605.00. Chandler then commenced state court litigation which was removed to this court for resolution of the bankruptcy issues.

There are two bankruptcy issues raised in this adversary proceeding. First, the court must decide if Kopstein's guarantee of APR's agreement with Chandler is enforceable against Kopstein. Second, if the court finds that Kopstein's guarantee is not enforceable, it must then decide if that makes any part of the agreement unenforceable as to APR.

Chandler does not dispute that the $25,605.00 in the fee agreement represents his discharged fees in Kopstein's personal bankruptcy, nor does he seriously dispute that Kopstein's guarantee is void as to this amount. Unless made before discharge and filed with the bankruptcy court, an agreement whose purpose was essentially to reaffirm debt and re-impose personal liability is unenforceable, regardless of new consideration, pursuant to § 524(c) of the Bankruptcy Code. *In re Lopez*, 345 F.3d 701, 710 (9th Cir. 2003).

Relying on *In re Getzoff*, 180 B.R. 572 (9th Cir. BAP 1995), Kopstein argues that his entire personal guarantee is unenforceable. While this might be the case where, as in *Getzoff,* the reaffirmed

2

debt is inextricably bound up in the new obligation, there is no basis for giving Kopstein a windfall as to the postpetition services Chandler rendered to APR. The fee arbitrator had no difficulty separating the discharged obligation from the postpetition obligation, nor does the court.

Nor is the court swayed by Kopstein's argument that § 1608 of the California Civil Code makes the entire contract a nullity. Assuming that state law is applicable at all, it does not apply when the court can readily separate out the legal consideration from the illegal consideration. *Keen v. Harling* (1964) 61 Cal.2d 318, 320-21, 38 Cal.Rptr. 513, 392 P.2d 273; *Ryan v. Mike-Ron Corp.* (1968) 259 Cal.App.2d 91, 95-96, 66 Cal.Rptr. 224; *Lawn v. Camino Heights, Inc.* (1971) 15 Cal.App.3d 973, 980, 93 Cal.Rptr. 621. Chandler performed very valuable service after the discharge at Kopstein's request, and the discharged debt is very clear and distinct from the rest of the consideration. State law permits the court to enforce the lawful portion and bar only the discharged portion of the obligation from enforcement. *Keen,* at 321. It is only where the court cannot distinguish between the lawful and unlawful portions of the agreement, and the illegality taints the entire agreement, that the entire agreement will be illegal and unenforceable. See *Beck v. American Health Group Internat., Inc.* (1989) 211 Cal.App.3d 1555, 1567, 260 Cal.Rptr. 237.

This is not to say that this is a "no harm, no foul" situation. The court may sanction Chandler for contempt if it finds that his actions constituted a violation of Kopstein's discharge rights. These rights are enforced by contempt proceedings, and the court will retain jurisdiction to assess sanctions and damages to the extent appropriate.

There is no basis in the law for APR's assertion that because Chandler violated Kopstein's discharge rights the contract is unenforceable as to it. A discharge in bankruptcy protects only the debtor, not third parties. *In re American Hardwoods, Inc.,* 885 F.2d 621, 626 (9th Cir. 1989). "[D]ischarge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C. § 524(e).

For the foregoing reasons, the court will enter a judgment as follows:

1. The court will declare that Kopstein is not liable for the $25,605.00 obligation in the Legal

Representation Agreement, but is liable for the remainder of APR's obligations under that agreement to the extent permitted by state law.

    2. The court will declare that APR is liable for all obligations under the Legal Representation Agreement, including the $25,605.00, to the extent permitted by state law.

    3. The court will retain jurisdiction to sanction Chandler as appropriate for contempt to the extent he violated Kopstein's discharge.

    4. There being no just reason for delay, judgment as recited above shall be entered immediately pursuant to FRCP 54(b).

    5. Upon entry of judgment as provided above, this adversary proceeding will be remanded to state court for adjudication of the liability of Kopstein and APR under state law.

    A separate judgment will be entered.

Dated: January 10, 2006

                                            Alan Jaroslovsky
                                            U.S. Bankruptcy Judge